**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-4303**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL JEROME LEWIS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., District Judge; William W. Wilkins, Senior Circuit Judge, sitting by designation.  (8:07-cr-00954-GRA-1)

───────────────

Submitted:  October 22, 2008      Decided:  December 1, 2008

───────────────

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Jerome Lewis appeals his convictions and 130-month sentence after pleading guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (2006), and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in sentencing Lewis to 130 months of imprisonment. Counsel concedes, however, that there are no meritorious issues for appeal. Although notified of his right to do so, Lewis has not filed a pro se supplemental brief. We affirm.

We review the sentence imposed by the district court for reasonableness, using the abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). An appellate court is required to review the sentence for procedural or substantive errors:

> It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.

Gall, 128 S. Ct. at 597.

2

If the appellate court concludes that the sentence is "procedurally sound," the court then considers the substantive reasonableness of the sentence.  Id.  "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).  We presume that a sentence imposed within the properly calculated Guidelines range is reasonable.  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within—Guidelines sentence).

Based on our review of the record, we find that Lewis's sentence is procedurally sound.  The district court committed no procedural errors.  The court appropriately treated the Guidelines as advisory and then considered the Guidelines range and the factors in 18 U.S.C. § 3553(a) (2006) before imposing a 130-month prison term, a sentence within the Guidelines range.  We apply the presumption of reasonableness to Lewis's within-Guidelines sentence, and find that neither Lewis nor the record suggests any information to rebut the presumption.  We therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

3

We therefore affirm Lewis's convictions and sentence. This court requires that counsel inform Lewis, in writing, of the right to petition the Supreme Court of the United States for further review. If Lewis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lewis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED